**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **YOLANDA HENDERSON**, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 15 cv 3897 |
| **U.S. PATENT COMMISSION, LTD., THE GRAY LAW GROUP, LTD., INVENT WORLDWIDE CONSULTING, LLC, ALAN GREEN, RON STERLING, CARYN ROHDE, ANGELA STEVENS, CANDICE PAGE, ROBERT GRAY, STEVEN FISHER-STAWINSKI, and XAVIER HAILEY,** | ) ) ) ) ) ) ) ) ) | Judge Gary Feinerman |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT GRAY LAW GROUP ET AL.'S MOTION TO DIRECT PLAINTIFF
TO PROCEED TO ARBITRATION ON AN INDIVIDUAL BASIS**

NOW COMES, Plaintiff Yolanda Henderson ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel, and, for her *Memorandum in Opposition to Defendant Gray Law Group et al.'s Motion to Direct Plaintiff to Proceed to Arbitration on an Individual Basis*, states as follows:

**I.    INTRODUCTION**

Despite the decisions of a majority of courts in this District holding that questions about classwide arbitration are procedural and thus are properly left to an arbitrator, Defendants the Gray Law Group, Ltd., Robert Gray, Steven Fisher-Stawinski and Xavier Hailey ("the Gray Defendants" or "Defendants") have asked this court to compel arbitration on an individual basis and to permanently enjoin class arbitration. For the following reasons, the Gray Defendants' request must be denied.

## II.     ARGUMENT

### A.     Defendant's Argument Must Be Rejected Under Law of the Case Doctrine.

As a threshold matter, in their original motion to compel arbitration, Defendants similarly asserted that the court should decide the "gateway" issue of whether there may be classwide arbitration.  See Dkt. # 35, Defendants' June 29, 2015 motion to compel, at p.17, footnote 9.  *See also* Dkt. # 48, Defendant's August 20, 2015 reply brief in support of its motion to compel, at p. 18, "Conclusion" (requesting that the court compel arbitration "on an individual basis").  However, in ruling on that motion, the court compelled arbitration but the decision did **not** state that the court, instead of the arbitrator, should decide whether there may be classwide arbitration.  *See* Dkt. # 61, November 1, 2015 (court's order compelling arbitration).

Now, Defendants attempt to take a second bite at the apple.  However, Defendants are bound by the court's original ruling implicitly rejecting Defendants' now-renewed argument as to classwide arbitration.  Defendants are bound by the law of the case.  See *generally Musacchio v. U.S.*, 136 S.Ct. 709, 715 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal citations omitted).

### B.     The Supreme Court Held in *Bazzle* that the Arbitrator Shall Decide Whether Class Arbitration is Appropriate.

The Gray Defendants minimize the Supreme Court's sole decision directly on the issue before the court in *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444 (2003).  A plurality of the Supreme Court held in *Bazzle* that the availability of classwide arbitration was a question for the arbitrator, and not the court.  *Id.* at 452-53.  While there was no majority holding in *Bazzle*, the decision should guide this court's approach to Defendants' motion.  Moreover, as discussed more fully below, the Fifth Circuit Court of Appeals, on March 17, 2016, followed the holding of

*Bazzle* in *Robinson v. J&K Admin. Mgmt. Servs., Inc.*, 2016 WL 1077102 (5th Cir. 2016), and held that the arbitrator, not the court, decides the issue of classwide arbitration.

The *Bazzle* court addressed whether the court or an arbitrator should determine the availability of class arbitration when the arbitration clause is silent on the availability of class arbitration. *Id.* at 448. The arbitration clause in *Bazzle* stated that the parties were to arbitrate "all disputes, claims, or controversies arising from or relating to" the contract.[1] *Id.* However, the arbitration clause was silent on whether class arbitration was allowed under the agreement. *Id.* Despite that silence, the court held that because the arbitration clause was so broad, the parties agreed to arbitrate the issue of class arbitration as it was a dispute "relating to the contract." *Id.* at 452-53.

The *Bazzle* court reasoned that the availability of class arbitration was not a question for the court because "it concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties . . . [, but only] contract interpretation and arbitration procedures." *Id.* at 451-53. In *Bazzle*, the court stated that:

> In certain limited circumstances, courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter. . . . They include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy. . . . The question here—whether the contracts forbid class arbitration—does not fall into this narrow exception. It concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. . . . [T]he question is not whether the parties wanted a judge or an arbitrator to decide *whether they agreed to arbitrate a matter*. . . . Rather the relevant question here is what *kind of arbitration proceeding* the parties agreed to. . . . That question does not concern a state statute or judicial procedures. . . . It concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question.

*Id.* at 452-53.

---

[1] The arbitration clause at issue in the instant case, as discussed more fully below, requires arbitration for "any and all disputes regarding this or other agreements."

Justice Stevens concurred with the *Bazzle* plurality and stated that "because [the plurality's] opinion expresses a view of the case that is close to my own, I concur in the judgment." *Id.* at 455.

Defendants minimize *Bazzle* and instead focus on *Stolt-Nielson S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662 (2010). In *Stolt-Nielson*, the court noted that *Bazzle* was a plurality decision. *Id.* at 678. However, the court refused to overrule *Bazzle*. *Id.* at 680 ("we need not revisit that question here."). Moreover, unlike here, in *Stolt-Nielson*, the parties **agreed** to arbitrate, **and** to have a panel of arbitrators decide whether classwide arbitration was appropriate. *Id.* at 668-69.[2] Further, unlike here, in *Stolt-Nielsen,* the parties had *stipulated* that the arbitration clause was silent with respect to class arbitration. *Id.* As discussed more fully below, the arbitration clause here is **not** silent as to class arbitration and in fact **requires** class arbitration. Therefore, Defendants' reliance on *Stolt-Nielson* is misplaced.

C.   **The Fifth Circuit Recently Followed *Bazzle* and Held that the Arbitrator, Not the Court, Decides Whether Class Arbitration is Available.**

Contrary to Defendants' claim that every Circuit Court that has addressed the issue has found in their favor, the Fifth Circuit recently held that the arbitrator should determine whether an arbitration clause allows for class arbitration. *See Robinson*, 2016 WL 1077102. In *Robinson*, the parties' agreement was silent on whether it allowed for class arbitration and the court had to address whether the district court or arbitrator should address the availability of class arbitration. *Id.* at *4. The Fifth Circuit noted that the Supreme Court "refused to speak" on this issue in *Stolt-Nielson*, and therefore, adopted the reasoning of the plurality in *Bazzle*. *Id.* at

---

[2] In *Stolt-Nielson,* the court only became involved after the defendant challenged the arbitration panel's decision to allow classwide arbitration on the grounds that the decision was made in disregard of the law insofar as the arbitrators purportedly failed to conduct a choice-of-law analysis and instead imposed their own policy choice. *Id.* at 669, 676-77. These are not the facts here.

4

*3.[3]    The *Robinson* court held that broad arbitration agreement language that submits "all disputes, claims, or controversies arising from or relating to" arbitration—such as the language at issue here requiring arbitration for "any and all disputes regarding this or other agreements"—provides that the *arbitrator* should decide the availability of classwide arbitration. *Id.* at *2.

> **D.    The Non-Binding Decisions of the Third and Sixth Circuits are Fully Distinguishable.**

The non-binding decisions of the Third and Sixth Circuits, upon which Defendants base their argument, are fully distinguishable.  First, in *Opalinski v. Robert Half*, 761 F.3d 326 (3d Cir. 2014), the arbitration clause at issue did not direct the parties to bring their disputes to a specific arbitration service like AAA (or JAMS), as here.  As discussed more fully below, AAA and JAMS have rules providing that the arbitrator shall determine whether the arbitration clause permits classwide arbitration.[4]  Second, in *Reed Elsevier, Inc. v. Crockett*, 734 F. 3d 594 (6th Cir. 2013), the arbitration clause expressly limits its scope to claims "arising from or in connection

---

[3] It should be noted that in *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573 (7th Cir. 2006), the Seventh Circuit declined to follow one of the decisions upon which the *Robinson* decision is based, *Pedcor Mngmt. Co., Inc. v. Nations Personnel of Texas, Inc.*, 343 F.3d 355 (5th Cir. 2003), which relied on *Bazzle* even though it was only a plurality opinion.  For its reasoning, the *Employers Ins. Co. of Wausau* court did not reject *Bazzle,* but merely chose not to presume how Justice Stevens, who concurred in *Bazzle*, would have decided the issue if the parties had actually raised it.  Moreover, the court in *Employers Ins. Co. of Wausau* was dealing with a separate albeit related issue: whether it was up to the arbitrator to decide whether the arbitration agreement permitted *consolidated* arbitration.  *Employers Ins. Co. of Wausau,* 443 F.3d at 577.

[4] Defendants also rely on the Third Circuit's decision in *Chesapeake Appalachia v. Scout Petroleum*, 809 F.3d 746 (3d Cir. 2016).  However, the arbitration clause in that case was limited to disputes arising from the lease agreement involved in that case ("concerning this lease").  *Scout Petroleum*, 809 F.3d at 749.  Thus, the arbitration clause in that case, unlike here, was not amenable to classwide treatment.

with *this Order,*" as opposed to other customers' orders.  *Crockett*, 734 F. 3d at 599-600.[5]  That arbitration clause is different than the arbitration clause at issue here.

Citing these decisions, Defendants express the policy concern that allowing the arbitrator to decide the issue of class arbitrability will widen the intended scope of arbitration and otherwise run afoul of the benefits and limitations of arbitration.  Not only is this not a concern for all courts, but also, Defendants fail to consider that to rule otherwise would serve to further decimate the consumer class action mechanism and the intended purposes thereof.  *See generally* Charles Gibbs, "Consumer Class Actions After *AT&T v. Concepcion:* Why the Federal Arbitration Act Should Not Be Used to Deny Effective Relief to Small-Value Claimants," 2012 U. Ill. Law. Rev. 1345 (2012) (**citing Judge Posner in *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004), wherein he stated that "The realistic alternative to a class action is not 17 million individual suits, but zero individual suits, as only a lunatic or a fanatic sues for $30.**").  Neither the Third nor the Sixth Circuit considered this policy question.

Moreover, Defendants urge that under *Opalinski* and *Crockett*, whether classwide arbitration is permissible is a gateway issue for the court to decide because it potentially empowers the arbitrator to resolve not only the named plaintiff's personal claims but also the claims of additional individuals not currently parties to the action.  *See Opalinski,* 761 F.3d at 332.  However, as discussed above, under the Fifth Circuit's recent decision in *Robinson,* where there is broad arbitration agreement language such as the language at issue in this case that

---

[5] In *Crockett*, the Sixth Circuit also seemingly ignored express language in the arbitration clause in that case requiring the parties to submit any disputes to AAA and its "then-current Commercial Rules."  Federal district courts across the country have interpreted this language as an agreement by the parties to submit the question of whether to allow classwide arbitration to the arbitrator because in those cases "AAA Supplementary Rule 3 explicitly states that 'the arbitrator shall determine as a threshold matter . . . whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class.'"  *See Price*, 908 F.Supp.2d at 945.

submits "all disputes, claims, or controversies arising from or relating to" the agreement to arbitration, it would appear that the parties actually contemplated classwide arbitration, which many courts including the Fifth Circuit in *Robinson* believe is a question for the arbitrator to decide. *Robinson,* 2016 WL 1077102, at *2.

Asking the court to decide whether the contract allows class arbitration is tantamount to asking the court to decide whether the contract is void and, therefore, so is the arbitration clause. Neither undertaking by the court is appropriate because both are procedural matters of contract interpretation by the arbitrator. *See id.*, at *4 (holding under *Bazzle* that a broad arbitration clause is unambiguous evidence that the parties intended for the arbitrator to determine whether class arbitration is available under the contract).

### E. A Majority of Courts in this District Have Deferred to the Arbitrator as to Whether a Particular Arbitration Clause Allows for Classwide Arbitration.

While this court has yet to issue a decision on the issue before it, "the majority position [in the Northern District of Illinois] is that questions about classwide arbitration are procedural and thus are properly left to an arbitrator." *Williams-Bell v. Perry Johnson Registrars, Inc.*, No. 14 C 1002, 2015 WL 6741819, at *5 (N.D. Ill. January 8, 2015) (Gottschall, J.) For example, in *Williams-Bell*, Judge Gottschall addressed an arbitration clause, nearly identical to the clause in the parties' contract in this case, which stated that "in the event of a dispute . . ., such dispute shall be submitted for binding arbitration before the American Arbitration Association (AAA), and pursuant to the rules and guidelines of the AAA." *Id.* at *2.

In *Williams-Bell*, Judge Gottschall summarized recent United States Supreme Court authority, Seventh Circuit authority, and the case law in this District as to whether the court or the arbitrator should decide whether class claims are arbitrable:

> The Supreme Court "has not yet decided whether the availability of class arbitration is a question of arbitrability." *Oxford Health Plans v. Sutter*, 133 S. Ct. 2064, 2068 (2013). The Seventh Circuit has not weighed in on this question, which has divided judges in this district. The majority position is that questions about classwide arbitration are procedural and thus are properly left to an arbitrator.

*Williams-Bell*, 2015 WL 6741819, at *5.[6]

Judge Gottschall also stated that "the court believes that Judge Castillo's opinion in *Price* [*v. NCR Corp.*, 908 F.Supp.2d 935 (N.D. Ill. 2012)] best illustrates the majority position in this district." In *Price*, Judge Castillo stated,

> The Agreement here makes no mention of class arbitration . . . Therefore, whether the agreement permits class arbitration is a question that "concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question." [citing *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 452-53]. Accordingly, the Court finds that the question of whether the parties' Agreement permits class arbitration is one of procedural arbitrability and thus refers the question to an arbitrator.

*Price,* 908 F.Supp.2d at 946.

Both Judges Gottschall and Castillo relied in part on the plurality opinion in *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003), which "As Judge Castillo noted . . . was directly on point as a plurality of Justices in that case decided that the arbitrability of class claims was a question of procedural arbitrability that should be decided by an arbitrator, not a court." *Williams-Bell,* 2015 WL 6741819, at *6; *see also Price,* 908 F.Supp.2d at 940. Both judges also discussed the limits of and distinguished the Supreme Court's decision in *Stolt-Nielsen*, which

---

[6] Judge Gottschall also distinguished and/or was not persuaded by the two decisions in this District that reached the opposite conclusion written by Judge Gettleman (*Corrigan v. Domestic Linen Supply*, No. 12 C 0575, 2012 WL 2977262 (N.D. Ill. July 20, 2012), and Judge Hibbler (*Goodale v. George S. May Intern. Co.*, No. 10 C 5733, 2011 WL 1337349 (N.D. Ill. April 5, 2011)). Judge Gottschall noted that in those two decisions, the courts relied heavily on the Supreme Court's decision in *Stolt-Nielsen,* which did not address the question at issue. *See Williams-Bell,* 2015 WL 6741819, at *7. *See also Kovachev, infra* (Tharp, J).

Judge Gottschall said "does not answer the question presently before [the court]." *Williams Bell,*
2015 WL 6741819, at *7. As noted by Judge Tharp in *Kovachev v. Pizza Hut, Inc.*, No. 12 C
9461, 2013 WL 4401373, *2 (N.D. Ill. August 15, 2013):

> *Stolt–Nielsen* did not create a bright-line rule that class arbitration is
> impermissible when an agreement is silent on the issue; instead, it merely held
> that the arbitration panel in that case had exceeded its powers by applying "its
> own view of sound policy," rather than interpreting the agreement and the parties'
> intent, to allow for class arbitration. *Stolt-Nielson,* 130 S. Ct. at 1767-68; *see also*
> *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F. 3d 635-639
> (7th Cir. 2011) ("Whether the arbitrators [in *Stolt–Nielsen*] had exceeded their
> powers ... was the only question presented by the petition for certiorari"). *Stolt–*
> *Nielsen* says nothing about who should decide whether an arbitration proceeds on
> a class basis. Therefore, *Stolt–Nielsen* does not change the Court's analysis. ***The***
> ***arbitrator should decide whether arbitration will proceed on an individual or***
> ***class-wide basis***.

> *Kovachev*, at *2. (Emphasis added).

Judge Gottschall then listed the cases in the majority in this District that held that the
arbitrator decides whether there will be classwide arbitration. *See generally Kovachev v. Pizza*
*Hut, Inc.*, No. 12 C 9461, 2013 WL 4401373, *2 (N.D. Ill. August 15, 2013) (Tharp, J) ("When
an arbitration agreement is silent as to whether class arbitration is permissible, the question
should be decided by the arbitrator . . . *Stolt-Nielsen* says nothing about who should decide
whether an arbitration proceeds on a class basis"); *Cramer v. Bank of Am., N.A.,* No. 12 C 8681,
2013 WL 2384313, *3-4 (N.D. Ill. May 30, 2013) (Zagel, J) ("Defendants' argument that the
Agreement does not permit class arbitration raises a question of procedural arbitrability.");
*Chatman v. Pizza Hut, Inc.,* No. 12 C 10209, 2013 WL 2285804, *6-8) (N.D. Ill. May 23, 2013)
(Schenkier, J) ("it is up to the arbitrator to resolve the question of whether the agreement at issue
allows class arbitration of the issues covered by the arbitration provision"); *Price v. NCR Corp.*,
908 F.Supp.2d 935 (N.D. Ill. 2012) (Castillo, J) ("whether the agreement permits class
arbitration is a question that 'concerns contract interpretation and arbitration procedures.

Arbitrators are well situated to answer that question'", *quoting Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, at 452-53 (2003)); *State Farm v. Pentair, Inc.*, No. 11 CV 06077, 2012 WL 3904104, *2-4 (September 7, 2012) (Chang, J) ("[T]he question is whether Arbitration Forums' agreement permits a party to aggregate multiple claims into one [arbitration.] 'This comes down to a matter of contract interpretation, which the arbitrator is well qualified to address.'"), *quoting Employers Ins. of Wausau v. Century Indem. Co.,* 443 F.3d 573, 578 (7th Cir. 2006); and *Collier v. Real Time Staffing*, No. 11 C 6209, 2012 WL 1204715, *5 (N.D. Ill. April 11, 2012) (Lefkow, J) ("'[t]he only question that a court should address before arbitration starts is whether the parties have agreed to arbitrate at all.'"), *quoting Blue Cross Blue Shield of Mass, Inc.,* 671 F.3d at 639 (7th Cir. 2011).

In response to this plethora of decisions leaving it to the arbitrator to decide the issue of classwide arbitration, the Gray Defendants gave little credit to the intellect of the judges in this District. *See Gray Defendant's Memorandum in Support of Motion to Direct Plaintiff to Proceed to Arbitration on an Individual Basis* ("D. Brief"), at p.1. The Gray Defendants ignore and devalue the judges' reasoning in those many cases, claiming that the judges of this District "failed to appreciate the fundamental difference between bilateral arbitration and class arbitration." *See* D. Brief at p. 1. The Gray Defendants shamelessly attack the intellect of several respected judges in this District, simply because those judges do not agree with Defendants' erroneous interpretation of the law.

In addition to a majority of courts in this District, District courts across the nation have agreed that whether to allow class arbitration is a procedural question for the arbitrator, not a "gateway" question for the court. *See generally Harrison v. Legal Helpers Debt Resolution, LLC,* No. 12-2145, 2014 WL 4185814, at *4-5 ("Several district courts, in particular the

Northern District of Illinois and the District Courts of New York, have similarly held" that the arbitrator should decide whether class arbitration is available. "*Bazzle* guides the analysis here, and class arbitration is reserved as a matter for the [a]rbitrator to decide."); *In re A2P SMS Antitrust Litigation*, No. 12 cv 2656, 2014 WL 2445756, at *10 (S.D.N.Y. May 29, 2014) ("the Court is persuaded by the Supreme Court's decision in *Bazzle* that the arbitrator, rather than the Court, should decide whether class arbitration is available."); *Kenneth J. Lee v. JPMorgan Chase & Co.,* 982 F.Supp.2d 1109, 1113 (C.D.Cal. 2013) (*Stolt-Nielsen* does not dampen *Bazzle*'s authority"); *Guida v. Home Savings of America, Inc.*, 793 F.Supp.2d 611, 614 (E.D.N.Y. 2011) (collecting cases and holding that where there is disagreement over whether the agreement to arbitrate permits class arbitration and the agreement does not explicitly address this issue, the ability to proceed on a class basis is a procedural question involving contract interpretation and is therefore for the arbitrator to decide in the first instance); *Aracri v. Dillard's Inc.*, No. 1:10cv253, 2011 WL 1388613, at *4 (S.D. Ohio March 29, 2011) (concluding that "it is not for this Court, but for an arbitrator to decide whether class arbitration is forbidden under the Arbitration Agreement"); *Smith v. The Cheesecake Factory,* No. 3:06-00829, 2010 WL 4789947, at *2 (M.D. Tenn. Nov. 16, 2010) (concluding that "whether the parties agreed to class arbitration is to be resolved by the arbitrator[,]" citing *Stolt-Nielsen* and *Bazzle*); *Fisher v. General Steel*, No. 10-cv-1509, 2010 WL 3791181, at *2 (D. Colo. Sept. 22, 2010) (where parties agreed that plaintiffs' claims were subject to arbitration but were contesting whether the agreement in question permitted class arbitration, "based on the plain language of *Stolt-Nielsen,* it is clear that an arbitrator may, as a threshold matter, appropriately determine whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class" (quotation marks omitted)).

11

Moreover, under traditional contract interpretation rules, the parties in this case intended for the arbitrator to determine whether class arbitration is available. The parties' contract expresses their intent to have the arbitrator decide the question of classwide arbitration by incorporating the arbitration forum's rules on the question of class arbitration. In *Price*, Judge Castillo noted that, in addition to his strong view that the arbitrator should decide whether arbitration will proceed on an individual or class-wide basis, he was also persuaded by the fact that the arbitration clause in that case stated that arbitration hearings will [be] conducted by the American Arbitration Association (the "AAA") under the AAA's rules. AAA Supplementary Rule 3 explicitly states that "the arbitrator shall determine as a threshold matter . . . whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." *Price*, 908 F.Supp.2d at 945.

Here, as in *Price*, the arbitration clause states that "Any and all disputes . . . will be subject to binding arbitration and submitted to the AAA (American Arbitration Association) or some other similar organization." This language lends itself to the inescapable conclusion that AAA Supplementary Rule 3 was contemplated by the parties here, such that the arbitrator shall determine whether the arbitration clause permits classwide arbitration. There can be no other conclusion because it would make no sense to require the parties to arbitrate their disputes using a specific arbitration organization but to assume that the parties would not be required to abide by the rules of that organization. The arbitration clause here cannot therefore be read as being "silent" as to class arbitration.

In this case, the parties are arbitrating with JAMS ADR, which has a virtually identical rule to AAA: [T]he Arbitrator . . . shall determine as a threshold matter whether the arbitration can proceed on behalf of or against a class." *See JAMS Class Action Procedures* at Rule 2,

12

"Construction of the Arbitration Clause." The mandate to use AAA (or some other similar organization), and to thereby abide by its rules which provide that the arbitrator decides whether there will be class arbitration, precludes the court from deciding that question as a gateway issue.

    **F.**    **Even if the Court Determines That This is a Gateway Issue for the Court to Decide, It Must Rule in Favor of Class Arbitration.**

Even if the court determines that this is a gateway issue for the court to decide, it must determine that the parties' contracts provide for class arbitration. First, the Gray Defendants do not cite any language in the arbitration provisions of either contract expressly or implicitly limiting class arbitration. Contrary to Defendants' claim, the court would rewrite the parties' agreements to include a class arbitration waiver when no such provision actually exists.

Further, the Gray Defendants' contention that the agreement is a mere bilateral contract that does not contemplate classwide actions severely misunderstands the law. Following Defendants' reasoning, there can never be class actions arising out of contract claims. As one court that recently addressed this very issue noted: "if the identification of the parties or reference to 'this agreement' precluded class litigation, class claims could never stem from contracts. This is obviously not the case. The relevant consideration is whether all of the putative class members are similarly situated in respect to the defendant." *Harrison v. Legal Helpers Debt Resolution, LLC,* No. 12-2145, 2014 WL 4185814, at *6 (D. Minn. August 22, 2014).

As discussed above, the mandate to use AAA (or some other similar organization), and to thereby abide by its rules which provide for class arbitration, precludes the court from ordering a bilateral arbitration. *See generally Price*, 908 F.Supp.2d at 945 (AAA Supplementary Rule 3 explicitly states that "the arbitrator shall determine as a threshold matter . . . whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class.").

Defendants contend that "classwide arbitration" language cannot be "added" to the arbitration clause. However, as already discussed, the arbitration clause directs all disputes to AAA (which permits classwide arbitration) "or some other similar organization" like JAMS, which also permits classwide arbitration. Thus, no term has been added to the arbitration clause.

## III. CONCLUSION

For all of the foregoing reasons, the court should deny the Gray Defendants' motion, and allow the arbitrator to decide on the propriety of classwide arbitration. In the alternative, should the court determine that this is a "gateway" issue, then it should rule that classwide arbitration is appropriate here.

Plaintiff YOLANDA HENDERSON, individually, and on behalf of all others similarly situated,

By:  s/Thomas A. Zimmerman, Jr.
     Thomas A. Zimmerman, Jr. (IL #6231944)
     *tom@attorneyzim.com*
     Jordan M. Rudnick (IL #6230167)
     *jordan@attorneyzim.com*
     Nickolas J. Hagman (IL #6317689)
     *nick@attorneyzim.com*
     ZIMMERMAN LAW OFFICES, P.C.
     77 West Washington Street, Suite 1220
     Chicago, Illinois 60602
     (312) 440-0020 telephone
     (312) 440-4180 facsimile
     www.attorneyzim.com

Counsel for the Plaintiff and Class

14

<u>**CERTIFICATE OF SERVICE**</u>

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing document to be served upon counsel of record in this case via the U.S. District Court CM/ECF System, on this day March 29, 2016.


      s/ Thomas A. Zimmerman, Jr.